IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMICORP MANAGEMENT LIMITED, a British Virgin Islands company, and AMICORP LIMITED, a Hong Kong company,<br><br>    Plaintiffs,<br><br>v.<br><br>INSIGHT SECURITIES, INC., a Delaware corporation, and CARLOS LEGASPY, individually,<br><br>    Defendants. | Case No. |

# COMPLAINT

Plaintiffs Amicorp Management Limited ("Amicorp Management") and Amicorp Limited (collectively, "Plaintiffs"), by counsel, allege for their Complaint, upon knowledge with respect to their own acts and upon information and belief as to all other matters, as follows:

## Nature of the Action

1. Plaintiffs bring this action for declaratory relief pursuant to 28 U.S.C. § 2201 and to enjoin defendants Insight Securities, Inc. ("Insight") and Carlos Legaspy ("Legaspy") (collectively, "Defendants") from arbitrating a dispute against Plaintiffs, given the absence of an agreement between the parties to submit disputes to arbitration and the lack of any customer or other relationship between the parties that would create an obligation to arbitrate.

2. Absent the requested relief, both Amicorp Management and Amicorp Limited will sustain immediate and irreparable harm for which there is no adequate remedy at law, as they will be forced to arbitrate Defendants' third-party claim(s) against them in the absence of any

48641437;2

agreement between Plaintiffs and Defendants to arbitrate disputes between them and despite the fact that the Financial Industry Regulatory Authority ("FINRA") does not have jurisdiction over Plaintiffs and/or the third-party claim(s) alleged against them. Courts routinely grant injunctive relief to prevent this harm, and this Court should do so here.

**The Parties**

3. Amicorp Management is a company organized and existing under the laws of the British Virgin Islands with its principal place of business located in the British Virgin Islands. Amicorp Management does not maintain, and never has maintained, an office in the State of Illinois or anywhere else in the United States.

4. Amicorp Limited is a company organized and existing under the laws of Hong Kong with its principal place of business in Hong Kong. Amicorp Limited does not maintain, and never has maintained, an office in the State of Illinois or anywhere else in the United States.

5. Defendant Insight is a Delaware corporation with its principal place of business in Lake County, Illinois. Insight is a securities broker-dealer and a member of FINRA.

6. Defendant Legaspy is *sui juris*, the president of Insight, and a citizen of Illinois residing in this district.

**Jurisdiction and Venue**

7. This Court has subject matter jurisdiction over this action based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. This is a dispute between a citizens or subjects of a foreign state, on the one hand, and citizens of Illinois, on the other hand. The amount in controversy as to each of the Defendants exceeds $75,000.00 (U.S.), exclusive of interest and costs.

8. Defendants are subject to the personal jurisdiction of this Court because each of them operates, conducts, engages in, or carries on a business or business venture in Illinois and is

engaged in substantial and not isolated activity in this district. Defendant Insight maintains an office in this district and Defendant Legaspy works and resides in this district.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and otherwise because one or more of the Defendants resides in this district and a substantial portion of the events giving rise to this action occurred in this district.

**Background Facts**

### The FINRA Arbitration

10. On or about January 9, 2019, Clodi Holdings Ltd. ("Clodi Holdings") filed a Statement of Claim with FINRA, naming Legaspy, Insight, and Pershing LLC as respondents in an arbitration styled *Clodi Holdings v. Legaspy, et al.*, FINRA Arbitration No. 19-00137 (the "FINRA Arbitration").

11. In the FINRA Arbitration, Clodi Holdings asserts various claims against Legaspy and Insight, including breach of contract, common law and statutory fraud, aiding and abetting, negligence/gross negligence, and breach of fiduciary duty. These claims arise out of an allegedly unauthorized transfer of more than $6 million from an Insight securities account maintained by Clodi Holdings.

12. On or about March 6, 2019, Legaspy and Insight filed a (Revised) Answer and Affirmative Defenses in the FINRA Arbitration (the "Revised Answer and Affirmative Defenses"), together with third-party claims against Amicorp Management, "Amicorp Limited d/b/a Amicorp Management Limited," Diego Saul Romay, Gustavo Trujillo, Deutsche Bank Securities, Inc., and Reynaldo Figueredo, seeking a declaration that these third-party respondents are liable for any adverse arbitration award entered against Legaspy and Insight, plus damages.

**Amicorp Management Acted as Director of Clodi Holdings**

13. At the time the Clodi Holdings account with Insight was opened on or about January 3, 2017, Amicorp Management was the sole director of Clodi Holdings and signed certain documents relating to the account in its representative capacity as director of Clodi Holdings. Amicorp Limited is a holding company with which Amicorp Management is affiliated. In their third-party claim(s), Defendants seek to hold Amicorp Limited vicariously liable for any damages caused by Amicorp Management, and/or to pierce Amicorp Limited's corporate veil, but Defendants do not allege facts sufficient to hold "Amicorp Limited, d/b/a Amicorp Management Limited" liable for acts of Amicorp Management.

14. In their Revised Answer and Affirmative Defenses in the FINRA Arbitration, Legaspy and Insight expressly state that "Amicorp Management . . . is Clodi [sic] sole director and, **in that capacity**, opened an account for Clodi at Insight on January 3, 2017." (emphasis added).

15. Amicorp Management's representative capacity as "Director" is expressly disclosed under the signature line on the Clodi Holdings customer agreement with Insight. To the extent that Legaspy and/or Insight assert that the Clodi Holdings account at Insight is a "joint account" to which Amicorp Management is also a party, they are mistaken, the parties were mutually mistaken, and/or any ambiguity in the agreement must be construed against Legaspy and Insight, the drafter(s) of the form customer agreement.

16. Because Amicorp Management signed the Insight customer agreement with Clodi Holdings in Amicorp Management's representative capacity as director of Clodi Holdings, and not in its individual capacity, Amicorp Management is not obligated to arbitrate the third-party claim(s) asserted by Legaspy and Insight in the FINRA Arbitration. Similarly, Amicorp Limited

never signed any arbitration agreement with either of the Defendants and, accordingly, is not obligated to arbitrate Defendants' third-party claim(s) against it.

17. Neither Amicorp Management nor Amicorp Limited maintains any account in its own right with Legaspy and Insight.

18. Because Plaintiffs are not customers of Insight, are not FINRA members, and are not an associated person of a FINRA member, Plaintiffs may not properly be compelled to arbitrate the third-party claim(s) asserted against them by Legaspy and Insight.

19. By correspondence dated April 8, 2019, Plaintiffs were advised that the Director of the FINRA Office of Dispute Resolution denied Plaintiffs' request to dismiss them as third-party respondents in the FINRA Arbitration.

20. All conditions precedent to bringing this action have been performed, have been waived, or have occurred.

21. Plaintiffs have retained the undersigned counsel and are obligated to pay their counsel a reasonable fee for services rendered and costs incurred on their behalf.

## COUNT I
**(Declaratory Judgment)**

22. Paragraphs 1 through 21, inclusive, are incorporated herein by reference.

23. A genuine and justiciable controversy exists between Plaintiffs, on the one hand, and Defendants, on the other hand, in that there is a *bona fide*, actual, present, practical need for a declaration of the parties' respective rights and obligations in relation to the FINRA Arbitration and as to whether the third-party claim(s) asserted against Plaintiffs may be resolved in the FINRA Arbitration. Without such a declaration, both Plaintiffs are in doubt as to their rights and obligations with respect to the FINRA Arbitration and the third-party claim(s) asserted against them.

24. Plaintiffs believe that they are not obligated to arbitrate any dispute(s) with Defendants in the FINRA Arbitration because, among other things, Plaintiffs are not subject to FINRA jurisdiction insofar as (i) Amicorp Management is not a party in its individual capacity to any arbitration agreement with Defendants, written or otherwise; (ii) Amicorp Limited is not a party, in any capacity, to any arbitration agreement with Defendants, written or otherwise; (iii) neither Plaintiff is a customer of Defendants; (iv) neither Plaintiff is a member of FINRA; and (v) neither Plaintiff is an associated person of a FINRA member.

25. Defendants, on the other hand, contend that Plaintiffs are somehow obligated to defend their third-party claim(s) against Plaintiffs in the FINRA Arbitration.

26. In light of the foregoing, Plaintiffs are entitled to the declaratory relief sought in this action because, *inter alia*, (i) there is a present controversy based upon the facts alleged above, (ii) both Plaintiffs' rights and obligations *vis-à-vis* the FINRA Arbitration and/or the third-party claim(s) asserted therein are dependent upon the facts alleged above, (iii) Defendants have an actual, present, adverse, and antagonistic interest in this matter, (iv) all antagonistic and adverse interests are before the Court by proper process, and (v) the issues raised by Plaintiffs are not propounded from curiosity and the relief sought is not merely the rendering of legal advice by the Court.

**COUNT II**
**(Permanent Injunctive Relief)**

27. Paragraphs 1 through 21, inclusive, are incorporated herein by reference.

28. Plaintiffs are not a party to any agreement with Defendants, written or otherwise, that requires them to arbitrate any dispute with either of the Defendants, including the third-party claim(s) asserted by Defendants in the FINRA Arbitration.

48641437;2  6

29. Plaintiffs are not customers of Defendants, are not members of FINRA, and are not an associated person of any FINRA member.

30. FINRA lacks jurisdiction over Plaintiffs and the third-party claim(s) asserted against Plaintiffs by Legaspy and Insight.

31. Plaintiffs will suffer immediate and irreparable harm if they are forced to arbitrate claims that they did not agree to arbitrate and are not obligated to arbitrate.

32. Plaintiffs have no adequate remedy at law.

33. The balance of equities strongly favors enjoining the FINRA Arbitration as to Plaintiffs.

34. The public interest is served by enjoining Defendants from arbitrating their third-party claim(s) against Plaintiffs in the FINRA Arbitration.

## **Prayer for Relief**

**WHEREFORE**, Amicorp Management Limited and Amicorp Limited respectfully pray that the Court enter judgment in their favor and against Defendants, as follows:

A. As to Count I, enter a declaratory judgment against Defendants declaring that (i) Plaintiffs are not obligated to arbitrate any claims with Defendants, (ii) the third-party claim(s) against Plaintiffs are not subject to arbitration, and (iii) Defendants' third-party claim(s) against Plaintiffs may not be resolved by way of the FINRA Arbitration;

B. As to Count II, enter a permanent injunction against Defendants, including anyone acting in concert with them, preventing Defendants from arbitrating their third-party claim(s), and/or any related claims, against Amicorp Management Limited and/or Amicorp Limited in the FINRA Arbitration; and

    C.    Awarding Plaintiffs such other and further relief as the Court deems appropriate.

Respectfully submitted,

**AKERMAN LLP**

Dated: June 5, 2019

s/Eric J. Gribbin
Eric J. Gribbin, Esq.
71 South Wacker Drive, 47th Floor
Chicago, Illinois 60606
Telephone: (312) 634-5700
Facsimile: (312) 424-1900
E-mail: eric.gribbin@akerman.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Robert I. Chaskes, *Pro hac vice* admission pending
Noelle P. Pankey, *Pro hac vice* admission pending
**AKERMAN LLP**
Three Brickell City Centre
98 Southeast Seventh Street, Suite 1100
Miami, Florida 33131
Telephone: (305) 374-5600
Facsimile: (305) 374-5095
E-mail: robert.chaskes@akerman.com
E-mail: noelle.pankey@akerman.com